# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 179

Travis Garth Eggl,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20250183

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Rachel R. Egstad, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**Eggl v. State**
**No. 20250183**

**Per Curiam.**

[¶1] Travis Eggl appeals from the order denying his application for postconviction relief. Eggl contends his trial counsel provided ineffective assistance by advising him to enter an open plea of guilty rather than accept the State's plea offer. The district court found that Eggl's trial counsel provided Eggl with the options on how to proceed, the strengths and weaknesses of the case, and left the final decision to Eggl, with the ultimate finding that Eggl failed to show his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 688, 688, 694 (1984) (setting forth the requirements a criminal defendant must satisfy to establish a constitutional claim for ineffective assistance of counsel).

[¶2] We conclude the district court's determination that Eggl failed to establish the first prong of the *Strickland* test (i.e., failed to show his counsel's representation fell below an objective standard of care) is supported by findings meeting the required standard of proof. *See United States v. Belfiore*, 473 F.Supp.3d 72, 89 (E.D.N.Y. 2020) ("[A]n attorney should usually inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed. . . . The ultimate decision whether to plead guilty must be made by the defendant, and a lawyer must take care not to coerce a client into either accepting or rejecting a plea offer." (cleaned up)); *United States v. Suris*, 625 F.Supp.3d 1040, 1048 (C.D. Cal. 2022) ("[T]o render effective assistance, counsel need only lay out the likely consequences or possible consequences of making a plea decision [and] . . . do[es] not render deficient performance by making a mere inaccurate prediction[.]" (cleaned up)). We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

1